OPINION OF THE COURT
Richard S. Lane, J.
Petitioner herein seeks summary judgment evicting respondent from rent-controlled premises as a mere licensee whose license expired at the death of the tenant.
The motion is denied.
It is uncontroverted that respondent and tenant enjoyed an exclusive committed homosexual relationship during the entire 17 years of the tenancy and before. Accordingly, his claim to be a de facto member of tenant’s family entitled to contin *209 ued rent-controlled occupancy subsequent to tenant’s death pursuant to section 2204.6 (d) of the New York City Rent and Eviction Regulations (9 NYCRR) must be heard (Gelman v Castaneda, NYLJ, Oct. 22, 1986, at 13, col 1; Koppelman v O’Keefe, index No. 75292, Civ Ct, NY County, July 8, 1987; see, Athineos v Thayer, NYLJ, Feb. 9, 1988, at 15, col 4).
This determination is bolstered by the estoppel allegations, also uncontroverted, proffered by respondent premised on his effort to be a signatory to the lease at the inception of the tenancy in 1970.
Furthermore, any other determination would raise equal protection constitutional issues (Administrative Code of City of New York § 8-108.1).
In reaching this determination, I recognize that a different result has been reached under rent stabilization (Thompson Realty Co. v Baker, NYLJ, June 6, 1988, at 24, col 5; Aiello v Hoffer, NYLJ, Apr. 4, 1988, at 13, col 2). The significance of these cases, however, is eroded by the invalidity of the Division of Housing and Community Renewal Emergency Operational Bulletin and the perhaps temporary invalidity of the succession provision of the amended Rent Stabilization Code under which they were decided (see, East Four-Forty Assocs. v Ewell, 138 Misc 2d 235; Lesser v Park 65 Realty Corp., 140 AD2d 169; NCL Realty v Sunga, NYLJ, May 31,1988, at 21, col 3). Additionally, rent stabilization cases may not be reliable guides since the amended Code defines "family” by enumerating specific relationships whereas the word goes undefined in the Rent and Eviction Regulations.
Perhaps summary judgment on the papers could be amended to grant summary judgment to respondent dismissing the petition under CPLR 3212 (b). I choose otherwise since petitioner may well have failed to reply factually under the impression that its legal position was impregnable.
Control date for trial July 18, 1988.